**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4092

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE SLOCUM, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge. (2:13-cr-00274-1)

Submitted:  January 29, 2016            Decided:  April 22, 2016

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John A. Carr, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Slocum, Jr., appeals the 360-month sentence the district court imposed after a jury convicted Slocum of all charges in a 5-count second superseding indictment.[1] Counsel for Slocum has filed a merits brief, asserting that the district court committed reversible procedural error in determining Slocum's criminal history category and that the selected sentence is substantively unreasonable. We reject these arguments and affirm the criminal judgment.

We review any federal sentence for reasonableness, applying the abuse of discretion standard. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). First, this court considers the procedural reasonableness of the sentence, which requires us to evaluate whether the district court committed a significant procedural error, such as improperly calculating the Sentencing Guidelines range or failing to appropriately consider the relevant sentencing factors. Gall, 552 U.S. at 51. If the sentence is

---

[1] Specifically, Slocum was convicted of conspiracy to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846 (2012); conspiracy to distribute an unspecified quantity of oxycodone, also in violation of 21 U.S.C. § 846; two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012); and engaging in witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (2012).

procedurally reasonable, we then assess its substantive reasonableness, taking into account the totality of the circumstances. Id.

Slocum challenges the procedural reasonableness of his sentence in terms of the district court's decision to assign him to criminal history category VI. Because Slocum raised this issue at sentencing, our review for an abuse of discretion is preserved, see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010), and the Government bears the burden of demonstrating the harmlessness of any error in this regard, see id. at 585. See also United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (observing that procedural sentencing errors "are routinely subject to harmlessness review" (quoting Puckett v. United States, 556 U.S. 129, 141 (2009)). Under harmless error review, the Government may avoid reversal by showing that the error "did not have a 'substantial and injurious effect or influence' on the result." Lynn, 592 F.3d at 585 (quoting United States v. Curbelo, 343 F.3d 273, 278 (4th Cir. 2003)).

We accept Slocum's contention that the district court erred in this aspect of its Guidelines computation,[2] but hold that the Government has demonstrated that the error is harmless. As the

---

[2] The Government, consistent with its position at sentencing, suggests in its response brief that the error may be assumed. Appellee's Br. at 6.

3

Government notes in its response brief, regardless of whether Slocum was placed in criminal history category I or VI, his Guidelines range was 360 months to life in prison because he was assigned a total offense level of 42. See U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table) (2014). Because the error cannot be considered to have had an injurious effect on Slocum's sentence, we conclude that the assignment of error fails on assumed error review. See United States v. Hargrove, 701 F.3d 156, 163 (4th Cir. 2012) (explaining that "the assumed error harmlessness inquiry is an appellate tool that we utilize in appropriate circumstances to avoid the 'empty formality' of an unnecessary remand where it is clear that an asserted guideline miscalculation did not affect the ultimate sentence").

Slocum's second and final appellate contention is that his sentence is substantively unreasonable in light of the specific facts and circumstances of his case. "A review for substantive reasonableness takes into account the 'totality of the circumstances.'" United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014) (quoting Gall, 552 U.S. at 51). We presume that a sentence within or below the Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant rebuts this presumption by demonstrating that the

4

selected sentence is unreasonable considered against the 18 U.S.C. § 3553(a) (2012) factors. Id.

To undermine the presumptive substantive reasonableness of his sentence, counsel for Slocum suggests that Slocum's is an "atypical and truly unusual case," Appellant's Br. at 16, citing Slocum's relatively limited criminal history; Slocum's current family circumstances, relative youth, and lack of a father figure in his childhood; and the potential good that Slocum could offer society.

But these facts are not of a sufficient quality to rebut the presumption of reasonableness afforded Slocum's sentence, which was at the low end of his advisory Guidelines range. The district court offered ample reasons, all of which were rooted in the § 3553(a) sentencing factors, for rejecting Slocum's request for a downward variant sentence and imposing the selected sentence. We are charged with giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed. Gall, 552 U.S. at 51. On this record, we discern no abuse of discretion in the district court's decision to impose a within-Guidelines sentence on this defendant.

Accordingly, we affirm the criminal judgment. We deny Slocum's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED