IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIE SLOCUM, JR.,
    Movant,
v.                                                                                                               Case No.: 2:17-cv-03759
                                                                                                                 Case No.: 2:13-cr-00274

UNITED STATES OF AMERICA,
    Respondent.

MEMORANDUM IN SUPPORT

OF MOVANTS 28 U.S.C. 2255 PETITION

       Now comes Willie Slocum, Jr., by counsel, and submits the following memo in support of his argument that Mr. Sanford Schulman was ineffective in his performance during Mr. Slocum's November 3, 2014, trial. The Court held an evidentiary hearing on this issue on February 25, 2025. In support of his argument, Mr. Slocum avers the following:

*Question Presented*

       Having found that double jeopardy was violated by Mr. Slocum's conviction for two offenses of conspiracy, was Mr. Sanford Schulman's performance deficient under *Strickland v. Washington*, 466 U.S. 668 (1984)?

*Relevant Facts*

1. In *United States v. Slocum*, 106 F.4th 308 (4th Cir. 2024); the Fourth Circuit determined that Willie Slocum, Jr. was punished twice for the same conspiracy in violation of the Double Jeopardy Clause. *Id*. at 311. Specifically, the court found that the heroin and oxycodone conspiracies charged against Slocum were, in fact, a single conspiracy based on the significant factual overlap, including time periods, locations, co-conspirators, and the nature and scope of the activities. *Id*. at 316. As a result, the court concluded that Slocum's indictment was multiplicitous, and his subsequent convictions and sentences violated the Double Jeopardy Clause. *Id*

2. The Fourth Circuit vacated the district court's denial of Mr. Slocum's 28 U.S.C. § 2255 motion and remanded the case for an evidentiary hearing, finding, "Slocum is entitled to an evidentiary hearing under 28 U.S.C. §2255(b) where the performance of his trial counsel can be assessed." *Id*. at 311. The hearing was to determine whether Slocum's trial counsel rendered ineffective assistance by failing to raise a double jeopardy challenge. *Id*. at 318. The court noted that if trial

counsel's performance is found to have been deficient, Slocum was necessarily prejudiced by that deficiency, given the established Double Jeopardy violation. *Id*.

3. On February 25, 2025, an evidentiary hearing on the issue of ineffective assistance of counsel was held before the honorable Magistrate Tinsley in the Southern District of West Virginia. *See attached Exhibit 1, February 25, 2025, Evidentiary Hearing Transcript*. Mr. Slocum called his former counsel, Sanford Schulman, and Jody Wooten, to testify regarding the facts surrounding Mr. Schulman's representation, and Deandra Burton, who testified, without objection to her credentials, as an expert legal analyst. *Id*. 106:4-12.

4. Mr. Schulman testified that he served as defense counsel for Mr. Slocum during his trial. *February 25, 2025, Evidentiary hearing Transcript* 8:4-9. He was initially retained but later sought court appointment due to financial constraints. *Id*. Prior to the hearing on February 25, 2025, Mr. Schulman had not reviewed his case file or any notes, as they were previously destroyed. *Id* 18-19:22-5; 23:2-5. Mr. Schulman was relying solely on memory for his testimony *Id*. 18-19:24-5; 23:6-8. Mr. Schulman did not review any documents other than the public court file prior to submitting his affidavit. *Id*. 22:19-23. Mr. Schulman admitted that he did not recall specific details regarding jury instructions, pre-trial motions, or the exact charges in the indictment, and that his recollection was not perfect. *Id*. 21-22:22-2; 64-65:13-7.

5. Mr. Schulman's affidavit also contained factual inaccuracies. *See Exhibit 2, December 18, 2024, Affidavit of Sanford A. Schulman as Former Attorney for Defendant Willie Slocum, Jr*.; ECF No. 251, 270-6. Specifically, the affidavit stated that "the government alleged that the defendant had been arrested on at least three occasions by law enforcement." *February 25, 2025, Evidentiary Hearing Transcript* 77:22-3. This was not the evidence of the case, and there was no evidence in the record that Mr. Slocum was arrested three times. *Id*. 78-79:1-6. *See also 2:13-cr-00274,* ECF Numbers 144-150.

6. Mr. Schulman incorrectly testified that he did not believe that double jeopardy applied to the two conspiracy charges in Mr. Slocum's indictment. *February 25, 2025, Evidentiary Hearing Transcript* 34:3-6. He did not identify a double jeopardy issue. *Id*. 70:8-9. Mr. Schulman testified that regarding the two conspiracies in the indictment, he believed that it was best for the jury to consider two separate conspiracy charges. *Id*. 34:8-12, 36:8-15, 67:1-9.

7. Because Mr. Schulman did not identify a double jeopardy issue, and he did not include a double jeopardy motion in his pre-trial motions *Id*. 70:8-11. He also testified that the elements of the

totality of the circumstances were met for double jeopardy to apply. *Id*. 69-70:1-9. Mr. Schulman ultimately admitted that he did not identify a double jeopardy issue to raise prior to trial. *Id*. 70:6-8. He believed that the conspiracies were two distinct conspiracies. *Id*. 35:6-19, 69-70:1-9.

8. Mr. Schulman was also aware of the relevant case law at the time of the trial. Mr. Schulman testified that he was aware of the relevant case law regarding double jeopardy including *Braverman v. United States*, 317 U.S. 49 (1942); *Blockburger v. United States*, 284 U.S. 299 (1932); and *United States v. MacDougall*, 790 F.2d 1135 (4Th Cir. 1986).

9. Mr. Schulman admitted that his failure to file a motion resulted in Mr. Slocum losing the right to raise the issue directly on his appeal. *Id*. 14:25-10; 70-71:23-1. As a result, Mr. Slocum was left with the only option of filing an ineffective assistance of counsel claim in order to try to address the constitutional violation. *Id*. 71:16-21. An ineffective assistance of counsel claim is a more difficult standard and an additional burden, in light of the fact that a double jeopardy violation was found.[1]

10. Mr. Schulman testified that he filed an *Alleyne* motion. *Id*. 21-22:19-2. ECF No. 270-5. However, an *Alleyne* instruction was not given in the case. *Id*. 28-29:20-3. Mr. Schulman believed Mr. Slocum was entitled to an *Alleyne* instruction in order to determine the weights of substances in the case. *Id*. 29:7-12. *See attached Exhibit 3, excerpt from October 1, 2014, Pre-Trial Motions Hearing* 26:8-25, 27:1. Despite not filing the motion, at trial, Mr. Schulman could not recall filing the pre-trial motion and so it was not given. *See attached Exhibit 4, excerpt from the April 2, 2015, Sentencing Hearing* 10-11:20-23.

11. Mr. Schulman did not have a stipulation that Mr. Slocum would receive concurrent sentences for his convictions. *February 25, 2025, Transcript* 67:10-14.

12. Mr. Jody Wooten testified that Mr. Slocum was very involved in his case, and he discussed strategy with him. *Id*. 92-93:22-2. Mr. Wooten testified that he believed that at the time of the trial it was his understanding that the two conspiracy counts in the indictment were two separate conspiracies. *Id*. 93:12-21. Mr. Wooten did not open or close and did not lead strategy on the case. *Id*. 94:5-15.

---

[1] Collateral review under § 2255. Federal custody; Remedies on Motion Attacking Sentence imposes a higher burden than direct appeal for trial errors. A petitioner must clear a "significantly higher hurdle" to obtain relief, as § 2255 Remedies on Motion Attacking Sentence is not intended to replace direct appeal but to address constitutional violations or other fundamental errors that render the trial unfair *Soliman v. United States*, 630 F. Supp. 2d 667, *United States v. Baptiste*, 596 F.3d 214. This higher burden is particularly evident in ineffective assistance claims, where courts often require detailed factual development to assess counsel's performance and its impact on the outcome *United States v. Baptiste*, 596 F.3d 214, *United States v. Li*, 973 F. Supp. 567, *Hooper v. Garraghty*, 845 F.2d 471.

13. Ms. Deandra Burton was accepted as an expert legal analyst. *Id*. 106:4-12. Ms. Burton reviewed the trial transcripts, the opinion of the Fourth Circuit, relevant case law, and Mr. Schulman's affidavit. *Id*. 106-107:22-4. Ms. Burton's review of the testimony at trial revealed that six witnesses testified to buying, selling, and transporting heroin and oxycodone. *Id*. 109:11-18. She opined that the evidence revealed one agreement. *Id*. 109:23-24. Ms. Burton testified that it was clear from the Fourt Circuit opinion and the testimony at trial that double jeopardy was charged. *Id*. 111-112:22-1. Ms. Burton testified that based upon her review, a motion to address double jeopardy would have been appropriate. *Id*. 112-113:18-3. Because Mr. Schulman did not raise the double jeopardy issue, Mr. Slocum was prejudiced. *Id*. 113:4-5.
14. Ms. Burton testified further that Ms. Schulman did not have a strategy regarding double jeopardy. *Id*. 113:10-13. She testified further that the strategy articulated by Mr. Schulman was not sound. *Id*. 113:15-17.

*Relevant Authority*

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a claim of ineffective assistance of counsel requires the petitioner to demonstrate:

1. **Deficient Performance**: Counsel's representation fell below an objective standard of reasonableness.
2. **Prejudice**: There is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*See also Slocum*, *supra* at 312. The Fourth Circuit's decision in *United States v. Slocum*, 106 F.4th 308 (2024), found that the two conspiracy charges were multiplicitous and violated the Double Jeopardy Clause. This finding underscores the merit of a double jeopardy motion that Schulman failed to file.

Further,

> fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984). One can demonstrate ineffective assistance of counsel under *Strickland* if

> "existing case law" "sufficiently foreshadowed" the double jeopardy challenge such that trial counsel's failure to raise it rendered his performance constitutionally deficient. *Morris*, 917 F.3d at 824 (quoting *Shaw v. Wilson*, 721 F.3d 908, 916-17 (7th Cir. 2013)). Counsel must raise an argument where "relevant authority strongly suggest[s]" it. *Carthorne*, 878 F.3d at 466. But to be constitutionally effective, counsel need not identify *all* plausible arguments, including those that have never been raised before or which would require an extension in precedent. *See Morris*, 917 F.3d at 826. It is "not enough . . . that the law on this question was unsettled at the time . . . or that an objection would have been plausible and nonfrivolous."

*United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020), citing *United States v. Morris*, 917 F.3d 818 (2019).

*MacDougall, supra,* established the "totality of the circumstances" test for determining whether two conspiracies are, in fact, one for double jeopardy purposes. The test considers:

    a.    Time periods of the alleged conspiracies.

    b.    Statutory offenses charged.

    c.    Locations of the alleged activities.

    d.    Co-conspirators involved.

    e.    Overt acts or descriptions of the offenses indicating the nature and scope of the activities.

Finally,

> [u]nder 28 U.S.C. § 2255, a prisoner may challenge a sentence imposed by a federal court. Section 2255 permits a challenge if: (1) the sentence violates the Constitution or the laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255.

> While comprehensive relief is available under § 2255, collateral review under this section does not replace direct appeal, which is the "normal and customary method" of correcting trial errors. *Sunal v. Large*, 332 U.S. 174, 177, 67 S. Ct. 1588, 91 L.

Ed. 1982 (1947). Accordingly, a petitioner generally "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief based on trial errors raised for the first time in a § 2255 motion. *United States v. Frady*, 456 U.S. 152, 166, (1982). To obtain § 2255 relief, a petitioner bears the burden of proof by a preponderance of the evidence. *See Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967).

*Soliman v. United States*, 630 F. Supp. 2d 667, 673-74 (E.D. Va. 2009).

*Argument*

**I. Mr. Schulman's Performance Constituted Deficient Performance**

1. **Failure to Identify the Issue of Double Jeopardy**

**Awareness of the Legal Standard**: Mr. Schulman testified that he was aware of the double jeopardy principle prohibiting the division of a single conspiracy into multiple violations. He cited *Blockburger v. United States*, 284 U.S. 299 (1932), *Braverman v. United States*, 317 U.S. 49 (1942), and *United States v. MacDougall*, 790 F.2d 1135 (4th Cir. 1986), as guiding his understanding of the issue. Despite this knowledge, Mr. Schulman did not identify the double jeopardy issue and failed to file a motion to dismiss based on double jeopardy grounds, even though the Fourth Circuit later found the two conspiracies to be one.

Further, Mr. Schulman admitted that he did not identify the legal issue of double jeopardy. He believed that the two conspiracies were two distinct offenses and so failed to raise the issue. He admitted, in reviewing the elements outlined in *Blockburger*, that the elements were met with the *Blockburger* test. *February 25, 2025, Transcript* 69-70:5-7. Despite this knowledge he did not recognize the issue to raise it at trial. *Id*. 70:8-9.

**Failure to Preserve the Issue for Appeal:** Despite his awareness of the relevant case law, Mr. Schulman failed to identify and preserve the issue of double jeopardy on behalf of his client. Mr. Schulman admitted that filing a double jeopardy motion would have preserved the issue for appeal. *Id*. 14-15:25-10, 70-71:23-1. However, he chose not to do so, asserting that he did not view the argument as meritorious at the time. This decision directly contradicted the Fourth Circuit's finding that the two conspiracies were not sufficiently distinguishable. *Slocum*, *supra* at 316.

Mr. Schulman also presented an *Alleyne* instruction, but the instruction was not presented at the trial. *Exhibit 3*, 26:8-25, 27:1; Exhibit 4, 10-11:20-23. Under *Alleyne*, "because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. *Alleyne v. United States*, 570 U.S. 99, 99, 133 S. Ct. 2151, 2153 (2013). "The Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 468, 120 S. Ct. 2348, 2351 (2000). Mr. Slocum lost the right to not only go to trial on one true conspiracy, but he did not have the benefit of an *Alleyne* instruction to address the weight of the oxycodone and heroin from the two conspiracy counts. Viewed in light of his failure to raise the issue of double jeopardy it is clear his performance was deficient.

**Misguided Strategic Justifications**: Mr. Schulman claimed that his strategy was to allow the jury to consider two separate conspiracy charges, believing this approach increased the chances of an acquittal on at least one count. He argued that this could reduce Mr. Slocum's exposure to a mandatory minimum sentence. However, this reasoning was flawed. Mr. Slocum faced convictions for two counts of conspiracy, each carrying a term of incarceration. Should he go forward with two conspiracies, he faced conviction on two conspiracies. Had the double jeopardy motion been filed and granted, Mr. Slocum would have been facing conviction for one conspiracy. While the government and Mr. Schulman downplay the importance of multiple felony convictions because Mr. Slocum's sentences were run concurrently, it does not take away the fact that Mr. Slocum did not have to face conviction for two conspiracies, as those convictions violated the double jeopardy clause.

2.   **Mr. Schulman's explanation is not reasonable under the circumstances.**

The government and Mr. Schulman's explanation of his strategy is nonsensical. Why would a defendant want to face conviction for two felonies, when they could face conviction of one? Mr. Schulman admitted that the only difference between the two counts in the indictment was the actual drug sold. In that instance, if the evidence is the same, it is far better to face one conviction than two, and it is counter to logic to suggest otherwise. The instance of charging or facing two counts of conviction, and risking conviction of one, only benefits the government, as it gives the government multiple chances to convict. There is no benefit to Mr. Slocum at all.

Mr. Schulman admitted that he did not have detailed notes or a complete file from the case and relied on his memory and the court record. *Id*. 18-19:22-5; 23:2-5. He also failed to review his personal notes or the trial transcript before testifying at the evidentiary hearing. *Id* 18-19:22-5; 23:2-5. He also had factual inaccuracies in his affidavit, lending a lack of credibility to his justifications. This lack of preparation further undermines the reasonableness of his decision-making. His lack of recollection of the testimony and the specific facts of Mr. Slocum's case, and his hubris in not reviewing the trial transcript prior to preparing his affidavit- undermine his rationale regarding failure to file a double jeopardy claim. He just did not identify the issue.

Further, the Fourth Circuit's jurisprudence strongly suggests that Schulman's failure to raise a double jeopardy challenge fell below an objective standard of reasonableness. The *MacDougall* test was well-established at the time of Slocum's trial and provided a clear framework for identifying multiplicitous conspiracy charges. Mr. Schulman's belief that the two drug types (heroin and oxycodone) constituted separate conspiracies was inconsistent with the totality-of-the-circumstances test, which focuses on factual overlap rather than the type of drugs involved. The Fourth Circuit has repeatedly held that counsel must raise arguments where relevant authority strongly suggests their merit, as was the case here with *MacDougall* and *Braverman.*

In this instance, where the facts were so similar, and Mr. Schulman was aware of the relevant case law, he was required to raise the issue before the court. *See United States v. Palacios*, 982 F.3d 920 (4th Cir. 2020). In *Palacios*, the Fourth Circuit held that "a petitioner can demonstrate ineffective assistance under Strickland if "existing case law" sufficiently foreshadowed the double jeopardy challenge such that trial counsel's failure to raise it rendered his performance constitutionally deficient." *Id*. at 925, *citing United States v. Morris*, 917 F.3d 818, 824 (4th Cir. 2019). counsel's failure to raise a legal challenge constitutes deficient performance if "relevant authority strongly suggests" that the challenge is warranted. *Palacios* is particularly relevant to Schulman's actions because it establishes that counsel must act when existing case law foreshadows a viable claim.

In *United States v. Freeman*, 24 F.4th 320 (4th Cir. 2022), the Fourth Circuit clarified that a decision by counsel cannot be considered strategic if it "made no sense or was unreasonable." The Fourth Circuit emphasized that strategic decisions must be grounded in a thorough investigation of the law and facts. Mr. Schulman's failure to raise the double jeopardy issue, despite the clear

overlap in the facts and the guidance provided by *MacDougall*, could be viewed as unreasonable under this standard. *See also United States v. Ragins*, 840 F.2d 1184 (1988), and *United States v. Stockton*, 349 F.3d 755 (4th Cir. 2003).

## II. Schulman's Deficient Performance Prejudiced Mr. Slocum

The Fourth Circuit held that, "[i]f the district court finds that trial counsel's performance was deficient, Slocum was necessarily prejudiced by that performance given our recognition of a Double Jeopardy violation." *United States v. Slocum*, 106 F.4th 308, 318 (4th Cir. 2024). "No rule of criminal procedure is older than the one forbidding the government to try defendants twice for the same offense." *Our Rights "Chapter 16: The Right to Protection Against Double Jeopardy."* ANNENBERG CLASSROOM last visited April 11, 2025, https://www.annenbergclassroom.org/resource/our-rights/rights-chapter-16-right-protection-double-jeopardy/.

Truly,

> [a]lthough any society requires a high degree of public order to function properly—and we trust government to enforce laws to ensure our safety—as a nation we have chosen first to protect individual liberty. We do not allow government to hammer away, trial after trial at individuals for the same offense because it would violate our commitment to fairness. The ban on double jeopardy is no mere technicality. This ancient principle is essential to our definition of a fair trial and to our sense of justice, and our commitment to these ideals provides us one of our best guarantees of liberty.

*Id*.

The Fourth Circuit's finding of a double jeopardy violation demonstrates that a motion to dismiss one of the conspiracy counts would have been successful. Had Mr. Schulman raised the double jeopardy issue, and the court granted the motion, Mr. Slocum would have faced only one conspiracy charge at trial, reducing his exposure to additional convictions and penalties. Had he raised the issue and the court denied it, Mr. Slocum would not be barred from raising it on his direct appeal.

While Mr. Schulman argued that the concurrent sentencing minimized the practical impact of the second conviction, the additional count still resulted in a $100 special assessment and the

intangible burden of an additional felony conviction. Regarding multiple convictions for double jeopardy where the sentences run concurrent, the Supreme Court has held,

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. *See Benton* v. *Maryland*, 395 U.S. 784, 790-791, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969); *Sibron* v. *New York*, 392 U.S. 40, 54-56, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment." *Id.*, at 864-865.

*Rutledge v. United States*, 517 U.S. 292, 302 (1996). *See also Benton v. Maryland*, 395 U.S. 784 (1969).

Mr. Schulman did not know, and Mr. Slocum did not know that Mr. Slocum would receive concurrent sentences for his convictions prior to his sentencing. There was no stipulation to concurrent sentences. It is hindsight to say now that there was no harm to Mr. Slocum- when, the sentencing could have gone very differently, and Mr. Slocum faced consecutive sentences for his convictions. Mr. Slocum deserved the chance to have that possibility removed before trial, because the two conspiracies violated Double Jeopardy. Further, the stigma that comes from having multiple conspiracy charges before the jury, surely lends weight to Mr. Slocum's guilt. From a criminal defense standpoint, it does not make sense to allow the jury to hear the evidence that Mr. Slocum was involved in multiple conspiracies, rather than one.

Further, a double jeopardy motion would have preserved the issue for appeal and may have resulted in the dismissal of one conspiracy count. This would have significantly altered the legal and practical consequences for Mr. Slocum, as he would have an issue for direct appeal. This issue was not preserved, because Mr. Schulman did not file the motion. So now, rather than a remand because double jeopardy was violated- which it was, Mr. Slocum has the additional burden of having to prove his counsel was ineffective in order to address the constitutional violation. Having to jump through the hoops of a 2255 motion to get relief for a double jeopardy violation is higher

burden. *Soliman, supra*. An additional conviction of a felony is prejudicial- and it is unreasonable for Mr. Schulman and the government to suggest otherwise.

PRAYER FOR RELIEF

WHEREFORE, Mr. Slocum respectfully requests that this court find that Mr. Schulman's performance was ineffective, and that this matter referred to the district court for an order reflecting the same and further proceedings.

Respectfully submitted,

WILLIE SLOCUM, JR.

*/s/Olubunmi T. Kusimo-Frazier*
Olubunmi Kusimo-Frazier WVSB # 10030
The KF Law Firm, PLLC
P.O. Box 10278
Charleston, WV 25357
Phone: (304) 534-9135
Fax: (304) 370-4423
Email: bunmi@thekflawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIE SLOCUM, JR.,
    Movant,
v.                                                                                Case No.: 2:17-cv-03759
                                                                                Case No.: 2:13-cr-00274

UNITED STATES OF AMERICA,
    Respondent.

CERTIFICATE OF SERVICE

    I hereby certify that on April 11, 2025, I electronically filed the foregoing, "Memorandum in Support via e-filing, which will send notification of such filing to counsel of record.

                                              Respectfully Submitted:

                                              */s/Olubunmi T. Kusimo-Frazier*____
                                              Olubunmi T. Kusimo-Frazier #10030

**Dated:** April 11, 2025