```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                                    Case No. 2:13-cr-00274

**WILLIE SLOCUM, JR.,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the United States' ("the government") "Motion to Authorize Payment from Inmate Trust Account," (ECF No. 225) filed September 28, 2021, in which the government seeks a court order directing the Bureau of Prisons ("BOP") to pay over all but $300.00 of the $1,701.38 in defendant Willie Slocum, Jr.'s ("Slocum") inmate trust account to the Clerk of Court as payment of Slocum's outstanding criminal fine; Slocum's pro se "Motion Seeking Order of Removal/Injunctive Relief From This Honorable Court Regarding Petitioner's Inmate Account," (ECF No. 226) filed October 7, 2021; and Slocum's pro se letter-form motion requesting a hearing on his initial motion (ECF No. 231) filed on March 22, 2023.

I.  BACKGROUND

Slocum is serving a term of 360 months, to be followed by a five-year term of supervised release, upon being found guilty by jury verdict of one count of Conspiracy to Distribute Heroin, and one count of Conspiracy to Distribute Oxycodone, both counts in violation of 21 U.S.C. § 846; two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1).  ECF No. 131.  Slocum was ordered to pay a $500.00 special assessment and a $5,000 fine, with interest waived.  A written Judgment ("Judgment") to that effect was entered on February 13, 2015.  Id.

The record supplied by the Clerk of the Court reflects that Slocum has paid his special assessment in full, but as of August 12, 2025, has a total outstanding fine debt of $4,570.00.  That record is ORDERED filed in this case.  An analysis of the state of the account relating to the fine is summarized, infra, at 11.

According to the government's motion Slocum has accumulated $1,701.38 in his inmate trust account and a hold has been placed on those funds by the BOP.  ECF No. 225.  The government, under 18 U.S.C. §§ 3613(a) and 3664(n), moves for an order authorizing the BOP to turnover all but $300 of the

accumulated funds in the inmate trust account towards Slocum's fine. Id. at 2. Although section 3664(n) is not further mentioned by the government, presumably it is contending that the accumulated funds constitute a "substantial resource" pursuant to section 3664(n), which is considered below. Id. The government further contends that Slocum's fine serves as a "current obligation" and "presently enforceable" lien on his property and that the government has a right to collect his inmate trust account funds to satisfy his criminal fine debt pursuant to 18 U.S.C. § 3613(a) and (c). Id. at 2.

Slocum insists that the Judgment order requires him to pay $10 per month out of his prison earnings, and that payment while in prison cannot come from any other source of income. ECF No. 226. The defendant asserts that he has complied with the court order and made all his monthly payments as required. Id. The defendant further argues that the Judgment does not require or permit a lien on his inmate trust account or for the account to be frozen, and that the government, warden, or trust fund administrator lack the authority to alter, amend, or disregard the Judgment order. Id. at 3. Finally, the defendant claims that the freezing of his inmate trust account is a violation of the Ex Post Facto Clause. Id. at 4.

## II. DISCUSSION

A. Inmate Trust Account Funds

With respect to payment of Slocum's $500 special assessment, the Judgment sets forth that it "shall be paid out of prison earnings at the rate of $10 per month commencing on May 1, 2015, with payment due on the first day of each month thereafter until paid in full." ECF No. 131 at 7. The Judgment further provides that:

> Once the special assessment has been paid, the defendant shall make payments towards the $5,000 fine out of prison earnings at the rate of $10 per month. Once supervised release commences, the remaining fine balance shall be paid beginning two months thereafter at the rate of $250 per month with payment due on the first day of each month thereafter until paid in full.

Id. Notably, Slocum's fine payment was not ordered to be "due immediately" or for payment to "begin immediately." Id.

Federal courts are required to impose restitution "in the full amount of each victim's losses" notwithstanding the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). A restitution obligation is "due immediately unless the court specifies otherwise — namely, by providing for payment on a date certain or in installments." See United States v. Buzzard, No. 21-7487, 2023 WL 3378985, *1 (4th Cir. May 11, 2023) (citing 18 U.S.C. § 3572(d)(1)). In determining the manner

4

and schedule of payment in which the restitution is to be paid, 18 U.S.C. § 3664(f)(2) provides that the court must consider:

(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B) projected earnings and other income of the defendant; and

(C) any financial obligations of the defendant; including obligations to dependents.

A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions.  18 U.S.C. § 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013).  18 U.S.C. § 3664(k) provides that a court may "adjust the payment schedule, or require [a] change [to] immediate payment in full" if it finds a "material [change] in the defendant's ability to pay restitution."  The government may seek the enforcement of a restitution obligation "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," 18 U.S.C. §§ 3613(a) and (f), and "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii).

The government appears to rely upon 18 U.S.C. § 3664(n).  Although not specifically so stated in its motion, the government may be contending that the accumulated funds in defendant's inmate

account constitute "substantial resources" under § 3664(n) which provides as follows:

> (n) If a person obligated to provide restitution ... receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, ... such person shall be required to apply the value of such resources to any restitution ... still owed.

18 U.S.C. § 3664(n).

That payment requirement is triggered only if the defendant is under a current obligation to satisfy the judgment. See United States v. Bratton-Bey, 564 F. App'x 28, 29-30 (4th Cir. 2014) ("a court may accelerate a restitution order under Section 3664(n) only if the defendant is under a current obligation to satisfy the order.") (emphasis in original); see also United States v. Roush, 452 F. Supp. 2d 676, 682 (N.D. Tex. 2006) (barring the government from garnishing the defendant's bank account before any restitution was due on the ground that "there is presently nothing for the government to enforce").

In determining whether a current obligation exists, the Fourth Circuit has recently expressed that the "due immediately" language in a judgment is relevant to a determination that the debt is a "current obligation" that is fully enforceable despite a payment plan method. See Buzzard, 2023 WL 3378985 at *2. In Buzzard, the court found that the district court abused its

6

discretion by ordering withdrawal of accumulated funds from the defendant's inmate trust account towards restitution that was not otherwise a current obligation. Id. at *2. The court ultimately noted that "given [the] schedule of payments, the express limitations placed on the amount the Government can recover from Buzzard while he remains incarcerated, and the lack of language in the order providing that restitution is otherwise due immediately," there existed no current obligation that the restitution order be presently satisfied. Id.

"When a restitution order specifies an installment plan, unless there is language directing that the funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan." See United States v. Hughes, 914 F.3d 947, 949 (5th Cir. 2019); see also Bratton-Bey, 564 F. App'x at 29-30 (Because written judgment omitted finding that payment thereof was due immediately, "Bratton-Bey was under no obligation to pay restitution until his release from imprisonment."); see United States v. Corbett, No. 2:10-cr-00015-1, 2021 WL 744161 (S.D. W. Va. Feb. 25, 2021) (collecting cases where the express language in judgment ordered that restitution is due immediately and in full permitted payment of accumulated funds notwithstanding installment payment plan);

<u>United States v. Phoenix</u>, No. 5:17-cr-226-FL, 2021 WK 5871904, *8 (E.D.N.C. Jan. 8, 2021) (same).

In this case, Slocum's Judgment does not signify that his fine is a current obligation due immediately. First, the Judgment order provides an installment plan that is to be paid at the rate of $10 per month out of prison earnings and then increase to $250 per month "[o]nce supervised release commences..." ECF No. 131 at 7. Second, Slocum's Judgment omits any language indicating that the fine is owing and due immediately. <u>Id.</u> As observed by the Fourth Circuit in <u>Buzzard</u>, the express payment conditions outlined in the Judgment as well as the lack of due immediately language does not suffice to establish a "current obligation" that triggers section 3664(n). Consequently, outside of the installment payments specified in the Judgment, Slocum has no current obligation to otherwise satisfy the Judgment order, and the government is not entitled to the immediate turnover of Slocum's inmate trust account funds under section 3664(n).

The government also asserts that it is entitled to the funds in Slocum's inmate trust account by virtue of 18 U.S.C. § 3613(c), which provides:

> An order of restitution... is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of

8

> judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection(b).

While it is true that an order of restitution creates a lien in favor of the United States under 18 U.S.C. § 3613(c), the "government's ability to enforce a judgment under section 3613 is perforce limited to the rights and obligations created by the judgment." See Roush, 452 F.Supp.2d at 681. The court in Roush emphasized that it would upset the balance set by the court when it established the payment schedule to allow the government to execute on the full amount of restitution at any time it chooses. Id. at 676. The government may enforce payment pursuant to section 3613 only to the extent that restitution payments are currently due and owing under the installment plan fixed under section 3664(f)(2), or as modified under section 3664(k).

B. Defendant's motion

Slocum contends that, in freezing his inmate trust account, the government, warden, and trust fund administrator have violated the Ex Post Facto Clause. ECF No. 226 at 4. Slocum maintains that he has been deprived of a "fair warning" and the opportunity to contest the freezing of his account. Id. at 5. Finally, Slocum requests that the court "issue an Order of Estoppel so that the government may not move in the future to have any funds

in petitioner's prison commissary account frozen, held or liened." Id. at 7.

The Ex Post Facto clause bars laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43, 110 S. Ct. 2715, 111 L.Ed.2d 30 (1990). As observed earlier, the government "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law." 18 U.S.C. § 3613(a). As noted, the law provides that a fine imposed as part of a criminal sentence "is a lien in favor of the United States on all property and rights to property of the person fined..." 18 U.S.C. § 3613(c). "There is no statutory requirement that the Government must investigate a defendant's financial circumstances before recording a lien; 18 U.S.C. § 3613(c) provides that the lien is simply created by an order of restitution." Phoenix, No. 5:17-cr-226-FL (E.D.N.C. Jan. 8, 2021).

The court finds Slocum's allegations unpersuasive as Slocum's Judgment and the government's lien are in compliance with Title 18. First, it is unclear what relevant statute Slocum claims has retroactively altered his punishment in violation of the Ex Post Facto clause. Second, Slocum's assertion that the government lacks authority over his inmate trust account is misguided. The

10

government's lien over Slocum's property was created when the court issued Slocum's Judgment order. While the government is precluded from turnover of the inmate trust account funds in that the funds are not owing and due immediately, the government still retains a valid lien over the funds contained in the inmate trust account by virtue of section 3613(c).

### C. Summary

The clerk's record reflects that payment at the rate of $10 per month out of prison earnings of the special assessment of $500 was completed on June 8, 2019. That record further reflects that payment on the $5,000 fine at the same rate apparently commenced as of March 1, 2020, and over the 57 months that have thereafter elapsed through December 9, 2024, a total of $430 has been paid.[1] The payment of $430 over a period that specified payment of $570 is deemed by the court to constitute substantial compliance with the court's payment order inasmuch as the ability to earn while in prison is, for a variety of reasons, subject to uncertainties.

In view of the foregoing analysis, the court concludes that Slocum's Judgment precludes the government from turnover of

---

[1] While the Clerk's record reflects payment only through December 9, 2024, there is a lag in time between the BOP's accumulation of a series of payments and its distribution to the Clerk.

the inmate trust account funds in issue.  The court finds that the hold of the $1,701.38 should be removed.

### III. CONCLUSION

Accordingly, it is ORDERED that:

(1) The government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 225) is DENIED;

(2) The hold of $1,701.38 in defendant's inmate trust account be Removed; and

(3) Defendant's "Motion Seeking Order of Removal/Injunctive Relief From This Honorable Court Regarding Petitioner's Inmate Account," (ECF No. 226) be GRANTED only to the extent that his funds of $1,701.38 are released to him; and

(4) Defendant's pro se letter-form motion requesting a hearing (ECF No. 231) is DENIED as moot.

The Clerk is directed to transmit copies of this memorandum opinion and order to the defendant and to the counsel of record, who shall provide the same to the financial officer at defendant's prison for further action in accordance herewith.

ENTER: August 15, 2025

John T. Copenhaver, Jr.
Senior United States District Judge